## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

DAVID WHITE, on behalf of himself and all others similarly situated,

      Plaintiff,

v.

SNAP SHOT ROOFING AND GUTTERS, LLC, a Colorado limited liability company, and JIMMY LEE TWISS, an individual,

      Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff David White ("Plaintiff"), on behalf of himself and all others similarly situated, through counsel, Lewis Kuhn Swan PC, complains as follows:

### NATURE OF THIS ACTION

1.    This action is brought on behalf of all roofing and gutter installers (collectively, "roofers") employed by Snap Shot Roofing and Gutters, LLC ("Snap Shot") within the United States within the applicable statute of limitations. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") and as a class action under Fed. R. Civ. P. 23.

2.    Plaintiff alleges that Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the applicable Colorado Minimum Wage Order ("Colorado Wage Order"), 7 Colo. C. Reg. § 1103-1, by failing to pay roofers (i) the applicable minimum wage for all hours worked; and, (ii) and overtime compensation at the proper regular rates of pay.

## JURISDICTION AND VENUE

3.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under 29 U.S.C. § 216(b).

4.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the FLSA claim that it forms part of the same case or controversy.

5.      Snap Shot is subject to personal jurisdiction in Colorado because it conducts substantial business in this state and the acts and omissions alleged herein occurred in this State. Defendant Jimmy Lee Twiss is subject to personal jurisdiction in Colorado because he is a resident and citizen of Colorado.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

7.      Plaintiff is an individual who is domiciled and resides in Colorado Springs, Colorado.

8.      Snap Shot is a Colorado limited liability company having a principal office address of P.O. Box 15919, Colorado Springs, Colorado 80935.

9.      Mr. Twiss is, upon information and belief, the sole member of Snap Shot.

10.     Upon information and belief, Mr. Twiss is a citizen of, and domiciled in, Colorado. Mr. Twiss is, and at all points relevant to this Complaint has been, responsible for Snap Shot's pay practices and exercises substantial control over its finances and operations. As such, he is

individually liable for Snap Shot's illegal pay practices as alleged herein pursuant to the FLSA. Snap Shot, together with Mr. Twiss, are collectively referred to herein as the "Defendants."

## COLLECTIVE ACTION ALLEGATIONS

11.    Plaintiff seeks to prosecute the FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Snap Shot as roofers in the United States at any time in the last three (3) years through the date of entry of judgment in this case and (i) were not paid minimum wage for all hours worked ("Minimum Wage Collective"); and/or (ii) were not paid overtime for all hours worked, or at an appropriate rate of pay for hours worked, in excess of forty in a workweek ("Overtime Collective"). The Minimum Wage Collective and Overtime Collective are together referred to as the "Collectives."

12.    Plaintiff will fairly and adequately protect the interests of the members of the Collectives and has retained counsel who are experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest contrary to or in conflict with the members of this collective action.

13.    The members of the Collectives are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

14.    Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Snap Shot's violation of the Colorado Wage Order, 7 Colo. C. Reg. § 1103-1.

15.     Plaintiff brings his Colorado state law claim on behalf of all persons who were employed by Snap Shot in Colorado at any time in the last three (3) years through the date of the entry of judgment in this case who hold or held the position of roofer and (i) were not paid minimum wage for all hours worked ("Minimum Wage Class"); and/or (ii) were not paid overtime for all hours worked, or at an appropriate rate of pay for hours worked, in excess of forty in a workweek or twelve hours in a work day ("Overtime Class"). The Minimum Wage Class and the Overtime Class are together referred to as the "Colorado Classes."

16.     The members of the Colorado Classes are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Snap Shot, upon information and belief, there are at least 30 members of the Colorado Classes.

17.     Plaintiff's claims are typical of the claims of the members of the Colorado Classes. Plaintiff performed the same job as the members of the Colorado Classes; Snap Shot paid Plaintiff and the members of the Colorado Classes pursuant to the same policies and procedures; and Plaintiff and the members of the Colorado Classes were victims of the same wwrongful conduct engaged in by Snap Shot in violation of the Colorado Wage Order.

18.     The class action mechanism is superior to any alternatives which might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic

means by which plaintiffs can effectively litigate against, on information and belief, a well-capitalized corporate defendant. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Snap Shot's conduct.

19.     Snap Shot has acted or refused to act on grounds generally applicable to the Colorado Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Classes as a whole.

20.     Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

21.     Plaintiff will fairly and adequately protect the interests of the members of the Colorado Classes.

22.     There are questions of law and fact common to the Colorado Classes which predominate over any questions solely affecting the individual members of the Colorado Classes, including but not limited to:

        a)    whether Snap Shot employed the members of the Colorado Classes within the meaning of the Colorado Wage Order;

        b)    whether Snap Shot's policies and practices described within this Complaint are illegal;

        c)    whether Snap Shot paid the members of the Colorado Classes for all hours worked;

        d)    whether the payments to the members of the Colorado Classes were within the minimum wages required by applicable law;

e)    whether Snap Shot properly calculated the number of overtime hours payable to the members of the Colorado Classes based on their work beyond forty hours in a workweek or twelve hours in a work day;

f)    whether the overtime rates paid to the members of the Colorado Classes were those required by law;

g)    what proof of hours worked is sufficient where employers fail in their duty to maintain accurate time records; and,

h)    whether Snap Shot is liable for all damages claimed hereunder.

## STATEMENT OF FACTS

23.    Plaintiff began his employment with Snap Shot as a roofer in or around July 2018 and left his employment with Snap Shot in or around March 2019.

24.    At all times relevant hereto, Plaintiff was employed by Snap Shot as a roofer. The job responsibilities of roofers include traveling to work sites (principally residences), measuring the relevant dimensions of the homes, acquiring roofing and gutter materials, removing old roofs and gutters, and installing new roofs and gutters.

25.    Snap Shot paid all roofers "under the table" in cash at the end of each week. Upon information and belief, inadequate records were kept. By way of example, Plaintiff was paid $300 in cash for each workweek.

26.    Snap Shot's roofers were told they were independent contractors, but no written independent contractor agreements exist, and, under applicable law, such roofers should be, and have been, classified as employees.

27.    Roofers are non-exempt under the FLSA and the Colorado Wage Order.

28.     Roofers routinely worked six or seven days per week, frequently exceeding ten or even twelve hours per work day. In a typical workweek, Plaintiff worked at least 65, and sometimes over 80, hours. On an hourly basis, Plaintiff was sometimes paid less than four dollars per hour, barely one-third of Colorado's current minimum wage of $11.10/hour and approximately half of the current federal minimum wage.

29.     Plaintiff frequently had to pay out of pocket for gasoline for the company truck. Mr. Twiss even required Plaintiff to pay out of pocket for a penalty Snap Shot incurred because its truck's registration had lapsed.

30.     Snap Shot has in place inadequate timekeeping method for tracking and recording the time its roofers spend working.

31.     Throughout all relevant time periods, Snap Shot failed to maintain accurate and sufficient time records and endeavored to maintain opacity in its pay practices.

32.     Mr. Twiss frequently mentioned that his operations, including his pay practices, were "completely illegal" and that he "didn't need to put the government into it." Mr. Twiss sought to justify his below-minimum-wage rates of pay by saying that it allowed him to charge homeowners lower prices.

33.     Defendants' violations of the FLSA and the Colorado Wage Order are willful. Mr. Twiss is well aware of Snap Shot's legal obligation to pay overtime compensation because he bragged about not doing so.

34.     Plaintiff did not receive all meal breaks to which he was entitled.

## FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT
### *COLLECTIVE ACTION AGAINST ALL DEFENDANTS*

35.    All preceding paragraphs are incorporated.

36.    At all relevant times, Snap Shot has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

37.    At all relevant times, Mr. Twiss has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

38.    At all relevant times, Defendants employed and/or continue to employ each of the members of the Collectives within the meaning of the FLSA.

39.    At all relevant times, on information and belief, Snap Shot has had gross annual revenues exceeding $500,000.

40.    At all relevant times, Snap Shot had a uniform policy and practice of failing to pay roofers for all hours worked, of failing to compensate them at the appropriate minimum wage, and of failing to pay overtime compensation for all overtime hours at one-and-one-half their respective proper regular rates of pay.

41.    As a result of Snap Shot's willful failure to properly compensate its employees, including Plaintiff and the Collective members, Snap Shot has violated and, continues to violate, the FLSA.

42.    Snap Shot has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

43.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

44.     Due to Defendants' FLSA violations, Plaintiff and the Collective members are entitled to recover from Defendants unpaid minimum wages, unpaid overtime compensation, actual and liquidated damages, including Snap Shot's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

45.     The opt-in form of Plaintiff is attached as Exhibit 1.

## SECOND CLAIM FOR RELIEF
### COLORADO WAGE ORDER
### *CLASS ACTION AGAINST SNAP SHOT*

46.     All preceding paragraphs are incorporated.

47.     At all relevant times, Plaintiff and the members of the Colorado Classes were employed by Snap Shot within the meaning of the Colorado Wage Order.

48.     Snap Shot is covered under the Colorado Wage Order as it is a retail and service entity.

49.     Snap Shot violated the Colorado Wage Order by failing to pay roofers for all hours worked at the minimum wage prescribed by the Colorado Wage Order, by failing to properly calculate overtime hours, and by failing to pay overtime compensation at the rates required.

50.     Plaintiff and the members of the Colorado Classes are entitled to recover from Snap Shot minimum wage for all hours worked, overtime compensation at the appropriate premium for hours worked over forty in a workweek or twelve in a work day, any statutory penalties, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required

employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to the Colorado Wage Order.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other members of the Collectives and the Colorado Classes, respectfully requests that this Court grant the following relief:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (3) on behalf of members of the Colorado Classes and appointing Plaintiff and his counsel to represent the classes;

b) Designation of this action as a collective action on behalf of the members of the Collectives and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collectives, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Colorado Wage Order;

d) An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the Colorado Wage Order;

e) An award of overtime compensation due under the FLSA and the Colorado Wage Order;

f) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g) An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h)  An award of pre-judgment and post-judgment interest;

i)  An award of costs and expenses of this action together with reasonable attorneys' and expert witness fees; and

j)  Such other and further relief as this Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial on all causes of action and claims with respect to which he and all members of the proposed Collectives and Colorado Classes have a right to jury trial.

Respectfully submitted this 15th day of April, 2019.

*/s/ Andrew E. Swan*

Paul F. Lewis
Michael D. Kuhn
Andrew E. Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone:  (719) 694-3000
Facsimile:  (866) 515-8628
plewis@lks.law
mkuhn@lks.law
aswan@lks.law

*Attorneys for Plaintiff*
